# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALTER CONLEY, | : | Civil No. 3:18-CV-2014 |
| Plaintiff | : | (Judge Mannion) |
| v. | : | |
| PRISON CUSTODIAL CARETAKERS, et al., | : | (Magistrate Judge Carlson) |
| Defendants. | : | |

## MEMORANDUM ORDER

### I. Factual Background

This case comes before us for a legally mandated screening review of the plaintiff's complaint. (Doc. 1.) The plaintiff, Walter Conley, is a federal prisoner who seeks to bring an action under the Federal Tort Claims Act, (FTCA) 28 U.S.C. §1346(b) and §§2671-2674, 2679(b)(1). Conley's complaint, however, does not name the United States of America as a defendant, but rather brings this FTCA lawsuit against otherwise unnamed "prison custodial caretakers."

Along with this complaint, Conley has filed a motion seeking leave to proceed *in forma pauperis.* (Doc. 2.) For the reasons set forth below we will direct that the lodged complaint be filed on the docket for screening purposes only, will conditionally GRANT leave to proceed *in forma pauperis*, but will instruct Conley

1

to file an amended complaint naming the proper defendant under the FTCA, the United States of America.

## II. Discussion

In this case, the plaintiff seems to cast his complaint as a lawsuit brought under the Federal Tort Claims Act, 28 U.S.C. § 2675, *et seq.* With respect to inmate claims made under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2401, *et seq.* and 28 U.S.C. § 2675, *et seq.*, as a threshold matter, "[t]he FTCA allows federal inmates to sue the United States for injuries sustained while incarcerated. 28 U.S.C. § 2674." Moshier v. United States, No. 05-180, 2007 WL 1703536, * 9 (W.D. Pa. June 11, 2007); Baker v. United States, No. 05-146, 2006 WL 1946877, * 4 (W.D. Pa. July 11, 2006). In this regard, "[t]he FTCA 'was designed primarily to remove the sovereign immunity of the United States from suits in tort, with certain specific exceptions, to render the Government liable in tort as a private individual would be under like circumstances.'" Sosa v. Alvarez-Machain, 542 U.S. 692, 700 (2004) (quoting Richards v. United States, 369 U.S. 1, 6 (1962)); CNA v. United States, 535 F.3d 132, 138 (3d Cir. 2008). Federal district courts have jurisdiction over civil actions against the United States for damages:

> [F]or injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under the circumstance where the United States, if a private person,

would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). A person is permitted to sue under the FTCA to recover damages from the United States for personal injuries that he suffered during confinement in a federal prison that resulted from the negligence of a government employee. See Rinaldi v. United States, No. 1:09-CV-1700, 2010 U.S. Dist. LEXIS 66024, at *11 (M.D. Pa. July 1, 2010) (Rambo, J.) (citing United States v. Muniz, 374 U.S. 150 (1963)).

However, due to the exclusive nature of the remedy available under the FTCA and its jurisdictional prerequisites, a court may not entertain a civil suit for a claim cognizable under 28 U.S.C. § 1346(b) against "any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1); see also Meyer, 510 U.S. at 476. As the United States Court of Appeals recently observed in affirming the dismissal of individual defendants from an inmate FTCA action, the United States itself is "the only proper defendant" in an FTCA action. Feaster v. Federal Bureau of Prisons, 366 F. App'x 322, 323 (3d Cir. 2010) (citing 28 U.S.C. § 2671 *et seq.*). The statute "waives the United States' sovereign immunity for claims arising out of torts committed by federal employees 'under circumstances where ... a private person ... would be liable' under applicable state tort law." Id. (citing 28 U.S.C. § 1346(b)(1)). Therefore, when inmates bring actions against

individual government officers for negligence under the FTCA, the proper course to follow is to substitute the United States for these individual defendants and dismiss the individual defendants. Id.

## III. Order

Recognizing that Conley has filed an FTCA claim but has not named the proper defendant, the United States of America, IT IS ORDERED that Conley shall submit an amended complaint which names a proper defendant in this case on or before **February 25, 2019**. A decision regarding service of this pleading will be deferred pending receipt and filing of the amended complaint.

So ordered this 25th day of January 2019.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge